IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Niculcea,                 :
              Petitioner     :
                                  :
      v.                       : No. 1645 C.D. 2024
                                  : Submitted: March 3, 2026
Susquehanna Valley Nursing and    :
Rehabilitation Center (Workers'     :
Compensation Appeal Board),       :
              Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                        FILED: July 10, 2026


Petitioner Monica Niculcea (Claimant), who represents herself on appeal, petitions for review of an order (Order) entered by the Workers' Compensation Appeal Board (the Board) on October 4, 2024, affirming a decision (Decision) by a Workers' Compensation Judge (WCJ) on January 24, 2024, denying Claimant's petition for benefits under the Workers' Compensation Act[1] based on an alleged work-related injury.

Respondent Susquehanna Valley Nursing and Rehabilitation Center (Employer) filed an application (Application) to quash the Petition for Review

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

(Petition), and this Court deferred consideration of the Application until after briefing on the merits. After review, we deny the Application and affirm the Order.

## I. Background

On November 29, 2017, while working for Employer as a patient care coordinator, Claimant fell while assisting other employees with the transfer of a patient from the floor to a bed. Claimant alleged that fall resulted in work-related injuries including neck and back pain, blurred vision, headaches, and incontinence. Supplemental Reproduced Record (S.R.R.) at 11b.[2]

Employer paid benefits under several Notices of Temporary Compensation Payable. *Id*. at 1b-6b. On February 23, 2018, Employer gave notice it would not accept liability and issued a Notice Stopping Temporary Compensation and a Notice of Workers' Compensation Denial. *Id*. at 7b-10b. Claimant filed a claim petition but on May 31, 2018, her then-attorney withdrew that petition and advised the WCJ "Claimant is unable to produce legally sufficient medical evidence to meet her burden on the Claim Petition at this time." *Id.* at 1089b.[3]

On November 28, 2020, the last day of the three-year period from the date of injury allowed for the filing of a claim, Claimant filed a petition requesting various actions including modification, reinstatement, and review of compensation benefits, review of compensation benefits offset, review of medical treatment and/or billing,

---

[2] Claimant filed a Reproduced Record that does not comply with the rules requiring pagination and a table of contents. Pa.R.A.P. 2173, 2174(a). It also omits a number of important documents including the Decision, the Order, and the Board's supporting opinion. Many of the relevant documents are in the Supplemental Reproduced Record filed by Respondents and are cited from that filing in this opinion.

[3] Later interlocutory orders permitted several attorneys to withdraw from representing Claimant. *Id.* at 29b, 32b, 35b, 38b. Claimant thereafter represented herself before the WCJ and the Board.

and penalties. *Id*. at 11b-14b. Employer moved to dismiss, but the WCJ denied the motion and treated Claimant's filing as a timely claim petition (the Claim Petition). *Id*. at 42b.

After multiple hearings and submission of exhibits, the WCJ issued a 21-page Decision denying the Claim Petition and finding Claimant failed to meet her burden of establishing a work-related injury. *Id*. at 39b-59b. The WCJ reviewed the evidence in detail and set forth multiple findings of fact. The WCJ did not find Claimant's testimony credible and credited the testimony of other witnesses who contradicted Claimant. The WCJ explained the basis for those credibility determinations. *Id.* at 57b-58b (¶ 19).

The WCJ accepted the opinion of a board-certified neurologist, Dr. Howard Levin, that Claimant had not suffered a work-related injury, and rejected contrary opinions from other physicians. The WCJ found Dr. Levin's credentials more substantial than those of the other doctors and explained the contrary opinions expressed by the latter rested largely on Claimant's account of her injury and symptoms, which the WCJ found not credible. *Id.* at 58b (¶ 20).

On February 16, 2024, Claimant filed an appeal with the Board. Certified Record (C.R.) at 73-82.[4] Claimant submitted the appeal on the required form including a handwritten note that referred to an "attached paper." *Id*. at 73-74. The "attached paper" comprised an eight-page, single-spaced typed document, headed "<u>FINDINGS OF FACTS</u>," containing multiple paragraphs and subparagraphs. In that document, Claimant asserted the WCJ ignored various facts and evidence, was

---

[4] Claimant's appeal form and its eight-page attachment do not appear in the Reproduced Record or Supplemental Reproduced Record but are found in the certified agency record, cited here by its electronically numbered pages.

"wrong" in certain findings of fact, fabricated other facts, and erred in concluding Claimant failed to establish a work-related injury. *Id.* at 75-82.

On October 24, 2024, the Board issued the Order affirming the WCJ's Decision. S.R.R. at 67b. The Board's supporting opinion noted the WCJ's authority to assess the credibility of witnesses and other evidence and to find the relevant facts. The Board concluded substantial evidence supported the WCJ's findings and the WCJ adequately explained her determinations as to credibility. The Board concluded the WCJ did not err in determining Claimant failed to establish a work-related injury. *Id.* at 63b-66b.

On November 1, 2024, Claimant submitted a document to this Court indicating her intention to appeal the Order. In response to the Court's notice dated November 4, 2024, Claimant timely filed her Petition on December 2, 2024. Respondents then filed the Application for which the Court deferred consideration until after briefing on the merits. Claimant did not file a response to the Application or address it in her merits brief.

## II. Discussion

### A. Application to Quash

The Application, styled as a "Motion to Quash Petition for Review," asserts the Petition "alleges neither specific errors of law nor any lack of substantial evidence," and instead merely attacks the WCJ's credibility determinations. Application, ¶ 1. The Application also asserts Claimant failed to raise her issues "specifically" and made claims of legal error "without any specificity," thereby waiving her issues in this appeal. *Id.*, ¶ 2.[5]

---

[5] Employer's Application asks this Court to quash the appeal on the ground that Claimant waived the issues presented in her brief, but if shown waiver would constitute a basis to dismiss, not to quash. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 (Pa. 2001).

4

Pennsylvania Rule of Appellate Procedure 1513 makes clear that omission of an issue from the Petition does not constitute waiver "if the court is able to address the issue based on the certified record . . . ." Pa.R.A.P. 1513(d)(5). Employer cites a number of cases for its waiver argument that predate the amendment of the rule in 2014, but the Note to the rule explains that "[t]he 2014 amendments to Pa.R.A.P. 1513(d) relating to the general statement of objections in an appellate jurisdiction petition for review are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief." Pa.R.A.P. 1513, Note. Accordingly, this Court will not find waiver simply because an issue is not detailed in a petition for review, so long as the issue is properly presented in the brief.[6]

### B.     The Merits of Claimant's Appeal[7]

This Court has jurisdiction to review the Order pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1). This Court reviews workers'

---

[6] To the extent Employer means to argue in the Application that Claimant waived these issues by failing to present them to the Board, the argument is unpersuasive. *See* Pa.R.A.P. 1551(a). The lengthy attachment to Claimant's appeal to the Board, like her brief in this Court, is sometimes unclear or difficult to follow, but we discern issues presented to the Board and argued again here, including assertions that the evidence does not support the WCJ's findings and that the WCJ disregarded relevant evidence.

[7] Claimant came dangerously close to waiving her issues in this Court by failing to comply with various rules governing her brief. Claimant failed to identify where and how she preserved below the issues presented here; failed to state or fairly suggest some of her issues in the statement of questions involved; failed to present a concise summary of her arguments in support of those questions; and failed to develop any argument in support of certain issues. *See, e.g.,* Pa.R.A.P. 1551(a), 2216(a), 2117(c), 2118, 2119(a), (e). These defects constitute grounds to dismiss an appeal under the rules. Pa.R.A.P. 2101. Nonetheless, we construe Claimant's brief liberally in light of the fact that she represents herself in this appeal and address the issues we are able to discern from her brief. *See Lassiter v. Unemployment Comp. Bd. of Rev.*, 295 A.3d 17, 20 (Footnote continued on next page…)

5

compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. Regarding questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Sedgwick Claims Mgmt. Servs., Inc. v. Bureau of Workers' Comp., Fee Rev. Hearing Off. (Piszel & Bucks Cnty. Pain Ctr.)*, 185 A.3d 429 (Pa. Cmwlth. 2018). In other words, we consider the case anew, *see Manor v. Department of Public Welfare*, 796 A.2d 1020, 1029 (Pa. Cmwlth. 2002) (citation omitted), and review the entire record, *Probst v. Department of Transp., Bureau of Driver Licensing*, 849 A.2d 1135 (Pa. 2004).

This Court also reviews workers' compensation orders to determine whether substantial evidence supports the findings of fact necessary to sustain them. 2 Pa.C.S. § 704. *See also Supervalu, Inc. v. Workers' Comp. Appeal Bd. (Bowser)*, 755 A.2d 715, 720 (Pa. Cmwlth. 2000) (en banc); *Taulton v. Workers' Comp. Appeal Bd. (USX Corp.)*, 713 A.2d 142, 144-45 (Pa. Cmwlth. 1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Comp. Appeal Bd. (Clouser)*, 539 A.2d 11 (Pa. Cmwlth. 1988). The WCJ is the sole judge of the credibility and weight of the evidence and is solely responsible for finding the facts. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)).

---

(Pa. Cmwlth. 2023) (when we are able to discern petitioner's issues, we may overlook technical violations of the Rules of Appellate Procedure and exercise our discretion to address those issues, particularly when petitioner proceeds *pro se*).

Claimant's Brief presents four questions involved in her appeal:

I.      The issue is whether the . . . [Claimant's] benefits should . . . [have been] stopped on February 23, 2018 as Doctor Levin . . . state[d] . . . on his Physician's Affidavit of Recovery 02-08-2018. (Exhibit# 3)

II.     The issue is whether . . . [Claimant's] injuries are severe and more than Doctor . . . [Levin] stated on his Physician's Affidavit of Recovery (Exhibit #3) as head, cervical, thoracic and lumbar contusion, or . . . [whether Claimant] is eligible to add more diagnosis to her case such as: Cervical Radicular pain, Cervical Strain, Change in mental status, Contusion of back wall of thorax, Initial encounter, contusion of lower back, Fall from slip, trip or stumble, Loss of consciousness, Pressure related ear pain, Strain of thoracic region, Lumbar Strain, Poor concentration, Bilateral blurred vision, Difficulty in communication due to slurred speech, lower and upper back injuries, Bowel and urinary incontinence, Left sciatica, Intracranial abnormality as remote insult/chronic microvascular ischemia as opposed to demyelinating disease, loss of smell, attention and concentration deficit. (Exhibits 5, 6, 7,8, 9, 10, 11)

III.    The issue is whether the . . . [Claimant's] medical bills should be pa[id] . . . by Susquehanna Valley Nursing and . . . [R]ehabilitation and the Worker's Compensation Insurance due to work related injuries.

IV.     The issue is whether the Modification, Penalty, Reinstatement, Review, and Review Medical Petition was review[ed] properly base[d] on doctors' evidence and documentation[ ] . . . .

Claimant Br. at 5. Construing the brief liberally, we interpret issues I and II to raise issues with respect to whether substantial evidence supports the WCJ's findings of fact, and issues III and IV to suggest an error of law, specifically, capricious disregard of evidence relevant to her entitlement to benefits.

Based on our review of the record, we conclude substantial evidence supports the WCJ's findings of fact. Claimant's brief does not identify specific findings of

7

fact or attempt to explain why the record lacks substantial evidence to support them. Rather, Claimant presents a detailed chronological account of all the evidence, as Claimant sees it, and argues that evidence supports her claim, and the WCJ erred in crediting certain evidence while rejecting other evidence.

However, neither the Board nor this Court may reweigh the evidence to reach an independent conclusion regarding whether Claimant established a work-related injury, as Claimant invites us to do. *Supervalu*, 755 A.2d at 720. We recognize our role on appeal; the credibility and weight of the evidence, and the reasonable inferences to be drawn from that evidence, are questions for the WCJ alone. *See Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Prods., Inc.)*, 721 A.2d 1152, 1155-56 (Pa. Cmwlth. 1998). Claimant "is viewing the record in a light most favorable to herself and she is the party who lost before the WCJ," which "runs contrary to the established appellate practice of viewing the record in a light most favorable to the party who prevailed before the factfinder." *Cerasaro v. Workers' Comp. Appeal Bd. (Pocono Mountain Med., Ltd.)*, 717 A.2d 1111, 1114 (Pa. Cmwlth. 1998). Because substantial evidence supports the WCJ's findings, we cannot disturb them even if the record contains evidence sufficient to support Claimant's assertions, which are contrary to the findings the WCJ actually made. *See Glass v. Workers' Comp. Appeal Bd. (City of Phila.)*, 61 A.3d 318, 325 (Pa. Cmwlth. 2013); *Hoffmaster*, 721 A.2d at 1155. Accordingly, we discern no error.

With respect to legal error, the only argument we discern from Claimant's brief is that the WCJ "ignored" certain evidence, by which we presume Claimant means the WCJ committed legal error by capriciously disregarding relevant evidence. Claimant fails to explain how the Decision reflected such "capricious disregard," which "occurs when there is a 'willful, deliberate disbelief of an

8

apparently trustworthy witness, whose testimony one has no basis to challenge.'" *Cerasaro*, 717 A.2d at 1114 (quoting *Gallo v. Workmen's Comp. Appeals Bd. (United Parcel Service)*, 504 A.2d 985, 988 n.2 (Pa. Cmwlth. 1986)).[8]

There is no indication in the record the WCJ ignored any relevant evidence. To the contrary, the WCJ reviewed Claimant's evidence and the contrary evidence in extensive detail, and explained what evidence the WCJ credited and rejected, and why. S.R.R. 42b-58b. The WCJ specifically addressed in her Decision many of the allegations and evidence Claimant argued the WCJ ignored.[9] The WCJ clearly rejected Claimant's evidence as not credible, and credited contrary testimony and documents that undermined her claim, but a decision to reject a claimant's evidence is not an indication of capricious disregard. *Grimm on Behalf of Grimm v. Workers' Comp. Appeal Bd. (Federal Express Corp.)*, 176 A.3d 1045, 1054 (Pa. Cmwlth.), *appeal denied*, 189 A.3d 385 (Pa. 2018). Accordingly, the WCJ did not commit legal error.

---

[8] The WCJ was not required to discuss in the Decision every item of evidence presented. *Supervalu*, 755 A.2d at 721. The mere fact that a particular item of evidence is not mentioned in the Decision does not establish capricious disregard of that evidence.

[9] For example, in her submission to the Board Claimant argued the WCJ ignored that Claimant's employer disciplined her based on false allegations, C.R. at 75 (item E), but the Decision noted the discipline and Claimant's disagreement with it, S.R.R. at 43 (¶ 1(e)). Claimant also asserted the WCJ ignored physician notes that recommended Claimant remain out of work through May 3, 2018, C.R. at 77 (item 3(d)), but the Decision discussed those notes, S.R.R. at 48b (¶ 5(i)). Claimant asserted the WCJ ignored MRI findings relevant to her injury, C.R. at 77 (item 5(a)), but the Decision cited those findings and discussed the related medical testimony, S.R.R. at 51b (¶ 7(f)). Claimant also asserted the WCJ focused only on Dr. Levin's opinion and ignored assessments by other doctors supporting her claim, C.R. at 81 (item g-i), but the Decision acknowledged those other opinions and explained why the WCJ credited Dr. Levin's opinion over them, S.R.R. at 58b (¶ 20). Claimant's brief in this Court does not address these contentions or otherwise show the WCJ disregarded any of Claimant's evidence.

### III.    Conclusion

For the reasons stated above, this Court denies the Application and affirms the Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Niculcea, : 
              Petitioner : 
                            : 
     v. : No. 1645 C.D. 2024
                            : 
Susquehanna Valley Nursing and : 
Rehabilitation Center (Workers' : 
Compensation Appeal Board), : 
             Respondent :

# **O R D E R**

    **AND NOW**, this 10th day of July 2026, the Application filed by Respondent Susquehanna Valley Nursing and Rehabilitation Center to quash the Petition for Review is **DENIED,** and the October 4, 2024 order of the Workers' Compensation Appeal Board is **AFFIRMED.**

                                    _____
                                    STACY WALLACE, Judge